## 15265. FLESHNAR & ADAR *v.* SOUTHERN RAILWAY COMPANY.

In an interstate shipment such as was made in this case, the initial carrier is liable if the goods are lost or injured, destroyed, or converted by a connecting carrier when acting as warehouseman under such facts as render a terminal carrier liable.

DECIDED MAY 14, 1925.

Certiorari; from Fulton superior court—Judge Humphries. December 3, 1923.

The Court of Appeals certified the following question: This was a suit by Fleshnar & Adar against the Southern Railway Company, to recover damages for the alleged loss of goods shipped by them. The case was tried upon the following agreed statement of facts:

"On March 7, 1922, the plaintiff, a partnership, delivered to the Southern Railway Company, in Atlanta, Ga., a certain shipment of shoes consigned to H. Rothenberg, New York City. Said shipment was refused by the consignee, and the consignors were not notified that the shipment had been refused until after the same had been sold for charges. Fleshnar & Adar, the plaintiff, have been in business in Atlanta, Ga., at the same address, to wit, 154 Decatur street, in said city, for more than 15 years. The defendant agreed to handle said shipment. We agree that the items set out as bill of particulars in plaintiff's suit are correct, and that the original or copy bills of lading, covering same, may be admitted, and that correspondence between plaintiff and defendant, including copy of letters, may be admitted. The same are identified as copies of the originals. Title to the goods was in and remained in Fleshnar & Adar at all times. This shipment moved from At-

lanta, Ga., on March 7, 1922, via Southern Railway Company, and by said Southern Railway Company was delivered to its agent, the Pennsylvania Railroad, consigned to H. Rothenberg, 221 Canal street, New York. The shipment arrived in New York on March 15, and consignee was notified that the goods were stored with Duvall & Company, 341 Spring street, New York, on March 27, 1922. On June 19, 1922, a notice was sent by the Southern Railway Company to the consignor, advising that the shipment arrived at the destination on March 15, and on March 20 was stored with Duvall & Company, where it remained unclaimed. In reply to this letter, the consignor on June 29, 1922, requested the Southern Railway Company to call back the shipment in question. The notice of June 19, 1922, was the first notice which the consignor had of the failure of the consignee to accept said shipment, and this was after the goods had been sold by the Pennsylvania Railroad. The contract for the shipment was made between Fleshnar & Adar, the plaintiff, and the Southern Railway Company, the defendant."

The bill of lading under which the property was shipped contained the following provision: "Sec. 5. Property not removed by the party entitled to receive it within 48 hours (exclusive of legal holidays) after notice of its arrival has been duly sent or given may be kept in car, depot, or place of delivery of the carrier, or warehouse, subject to a reasonable charge for storage and to carrier's responsibility as warehouseman only, or may be at the option of the carrier removed to and stored in a public or licensed warehouse at the cost of the owner, and there sold at the owner's risk and without liability on the part of the carrier, and subject to a lien for all freight and other lawful charges, including a reasonable charge for storage."

Under these facts, was the initial carrier, the Southern Railway Company, liable for the negligence or conversion of its connecting carrier where the negligence or conversion occurred after the goods were stored in a warehouse?

*Bell & Ellis, George L. Bell Jr.,* for plaintiffs in error.

*W. O. Wilson,* for defendant.

LUKE, J. This case comes to this court upon exception to the ruling of the judge of the superior court on certiorari, setting aside a judgment of the municipal court of Atlanta, rendered in favor

of the plaintiff, upon an agreed statement of facts. The controlling part of the judgment excepted to was as follows: "Negligence or conversion on the part of the connecting carrier, not as such, but merely as a warehouseman, should not, under this contract, be imputed to the initial carrier." The Supreme Court in answer to a question certified by this court held as follows: "In an interstate shipment such as indicated in the question propounded, the initial carrier is liable if the goods are lost or injured, destroyed, or converted by a connecting carrier when acting as warehouseman under such facts as render such terminal carrier liable." 160 *Ga.* 205 (127 S. E. 768). Under this ruling the judge of the superior court erred in sustaining the certiorari and in setting aside the judgment of the municipal court of Atlanta.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*